## McLAUGHLIN *vs.* McGOVERN.

One who has, by an instrument indorsed upon a lease, guarantied the fulfillment of the covenants in the lease by the lessees, is bound by his guaranty, although the lease is executed by only one of the lessees; where it appears that both lessees occupied the demised premises, and had possession of all the personal property mentioned in the lease, for the whole term.

THIS was an action upon a special contract of guaranty. The complaint alleges, that " on the 20th day of December, 1854, by a lease of that date, the plaintiff leased and rented to Thomas Reynolds and Patrick Tague &c., his farm &c., and certain articles of personal property, for five years, at $200 per year, payable on or before the 15th day of November in each year. That Reynolds and Tague by said lease promised to pay the plaintiff, for the use of said farm &c., the said sum of $200, on or before the 15th of November in each year. That Reynolds and Tague took possession &c., and entered upon the enjoyment and execution of the lease or agreement &c., and have continued to occupy

and enjoy the same &c., and still occupy and enjoy the same," &c. That the defendant signed the following agreement or guaranty:

"*Florence, Dec.* 20, 1854.

For value received, I hereby guaranty the fulfillment on the part of said Reynolds and Tague for the part of this agreement to be performed or kept by them: as witness my hand and seal."

That said Reynolds and Tague have not kept, performed and observed the terms of said lease and agreement as by them promised as aforesaid to be kept and observed, but have not paid as they agreed, &c. That Reynolds and Tague *being in default* as aforesaid, and *not fulfilling their agreement as by them promised and agreed,* the defendant by virtue of his covenant and promise so made as aforesaid, and above set forth, became thereby obliged and liable to pay the same. Wherefore, by reason *of the said several premises as aforesaid,* the said plaintiff brings suit, &c. The answer denied the complaint and set up special matters.

The cause was tried by a referee, who found the following facts: That the said lease from the plaintiff to Reynolds and Tague was signed by the plaintiff and Reynolds on the 20th day of September, 1854, and that the defendant, at the same time, made and executed the guaranty upon which this action is brought. That said Reynolds and Tague occupied the farm, and had the possession of the personal property mentioned in said lease, from March, 1855, to March, 1860. That the sum of $200, the rent for the last year, was due to the plaintiff from said Reynolds and Tague on the 15th day of November, 1859. That after the same became due, and before the commencement of this action, the plaintiff demanded said rent of Reynolds and Tague; that they did not pay the same, and the plaintiff notified the defendant of its non-payment, and demanded payment of the same from the defendant before the commencement of this action, and that the sum of $200 and interest from November 15th, 1859, is

still due to the plaintiff for said last year's rent. And said referee further found, as matter of fact, that Patrick Tague, one of the lessees in said lease named, did not execute said lease, and that his assent to be bound thereby as a party thereto was not proved. That the acts of the said Reynolds and Tague did not constitute an execution of said lease on the part of Tague. That said guaranty, so executed by the defendant, was not a legal and binding obligation upon him, and that the plaintiff was not entitled to recover against the defendant upon the same, in this action. That the plaintiff had not sustained his cause of action against the defendant by his proofs, and that his complaint should be dismissed with costs. To which findings and conclusions the plaintiff separately excepted. Upon the said report, judgment was entered on the 22d day of September, 1860, in favor of the defendant and against the plaintiff for $70.61 costs of suit; and the plaintiff appealed from the judgment.

*K. Carroll*, for the appellant.

*Mr. Southworth*, for the respondent.

*By the Court*, BACON, P. J. I am inclined to think that the learned referee erred in his conclusions of law that the guaranty of the defendant, upon which the recovery was sought in this case, was not a legal and binding obligation upon him. This conclusion evidently proceeds from the fact, as found, that one of the lessees did not execute the lease, although it was abundantly proved that both occupied the farm, and had possession of all the personal property mentioned in the lease, for the entire term covered by the lease. The instrument signed by the defendant is an undertaking that the lessees shall fulfill their part of the agreement to be performed or kept by them, and is indorsed upon the instrument which stipulates for the performance of certain engagements in their behalf. Is not this a good undertaking,

McLaughlin *v.* McGovern.

although the principal contract is imperfectly executed, or even conceding that it could not be fully enforced against the principal parties? It seems to me that it is. Nothing is clearer than that a collateral contract may sometimes be recovered upon when the principal one to which it is auxiliary is entirely incapable of enforcement. Thus in an action on the guaranty of a promissory note, it is unnecessary to prove the signature of the maker, and the reason, as given by Story, is that such guaranty or indorsement by implication imports that the antecedent names on the note are genuine, and that the party subsequently indorsing and transferring the paper has a good title which he transfers. (*Story on Bills of Exch.* § 225.) If, consequently, it should turn out that the name of the maker was forged, this, I apprehend, will not discharge the indorser or guarantor. Indeed, this precise proposition is affirmed by Selden, J. in *Erwin* v. *Downs,* (15 *N. Y. Rep.* 576,) on the authority of *Coggill* v. *Am. Exch. Bank,* (1 *Comst.* 113.) This last case does not however hold this precise proposition ; but it does declare what is perhaps in principle equivalent to it, to wit, that if the maker of a note puts it in circulation with a forged indorsement of the name of the payee upon it, a *bona fide* holder may sue and recover against the maker as upon a note payable to bearer. The principle which will allow a recovery against the guarantor of a forged note, will surely permit a recovery against the guarantor upon this imperfectly executed lease. The case of the note is much the strongest of the two, for a name forged is no name whatever, and the note, as to any legal operation, is no better than blank paper, and yet the party indorsing it is held to the liability he, by the mere act of indorsing, has assumed.

Then again there is a class of cases where a guarantor may be held, although no suit whatever can be maintained on the original debt, and not unfrequently where the guaranty was obtained for the very reason that the principal debt could not be enforced by law. Such are the cases where the guarantor

undertakes to be responsible for goods to be supplied to a married woman, or when they are sold to an infant, not being necessaries; and it is quite elementary that the guarantor of a principal contract which is wholly void, is yet bound by his undertaking if perfect in itself, and having an adequate consideration to support it. *Erwin* v. *Downs* (*cited supra*) is a decisive authority to this effect. There a recovery was had against the indorsers of the note of two married women, although the note was utterly void. Selden, J. says, " when the defendant indorsed the note, he impliedly contracted that the makers were competent to contract, *and had legally contracted*, the obligation which they assumed."

The defendant's counsel seems to suppose that this obligation cannot be enforced against the guarantor, because he could not call upon the party who did not sign the lease, for any indemnity. If this were so, I do not clearly see how that would discharge his obligation to see that the agreements in the lease should be performed. But I think the proposition is not sound, for Littleton clearly lays down the law to be, that if a lease by indenture to two lessees be executed, and one of them only signs the counterpart, but the other enters and agrees to the lease, the latter can be charged in covenant for a sum he was bound to pay the lessor in case certain conditions were not performed, because he accepted the lease. (*Co. Litt.* 231, *a.*) The lessor, then, could unquestionably have enforced the condition of this lease as to both the lessees named in it, they both having entered and occupied the premises during the term, and if so, the remedy over of the guarantor is equally effective.

What is the obligation assumed by the defendant in this case? It is not that Reynolds and Tague shall execute the lease, but that they shall fulfill the engagements contained in the instrument upon which his guaranty was indorsed. So that in this aspect of his undertaking, and this is its literal language and fair import, it does not seem to be essen-

Hodgkins *v.* Montgomery County Mutual Ins. Company.

tial to the validity of his covenant, that the lease should be executed at all by the lessees.

The paper purported to set forth the precise extent and measure of their obligation, and that was the measure also of his undertaking, and to that extent he guarantees performance.

To meet the precise case as disclosed on the trial an amendment of the pleadings may be necessary, and this may be done as well upon the trial as by an application to the court.

For the above reasons, my opinion is that the referee erred in nonsuiting the plaintiff, and that there must be a new trial, with costs to abide the event.

[ONONDAGA GENERAL TERM, July 2, 1861. *Bacon, Allen, Mullin* and *Morgan,* Justices.]