## PARSHALL *vs.* LAMOREAUX,

·If the holder of a note, or his agent, on the occasion of the sale and transfer thereof, and before it is consummated, represents to the purchaser that it was given for a valuable consideration, or, in other words, that it is a valid business note, and the purchaser takes it, upon the faith of such representation, and in ignorance of the fact that it has never had a legal existence as a note, both the holder and his agent will be estopped from alleging the contrary of such representations, or from availing themselves of the defense of usury.

But a mere accommodation guarantor of a note, making no representations in regard to the character of the paper, or the circumstances under which it was given, may set up the defense of usury, equally as if he were a simple indorser of the note.

Parshall *v.* Lamoreaux.

THIS action was brought to recover of the defendant as guarantor of a note, made by John S. Warner, for $100, payable to A. D. Lusk or bearer, on the 7th day of November, 1859, with use, dated July 7, 1859. The defense was usury. The note was made without consideration, to raise money for Warner; who delivered it to Lusk to negotiate a sale of it as Warner's agent. At or about the time of making the note, the defendant indorsed the same, by writing his name across the back thereof. About the 15th day of September, 1859, Lusk applied to the plaintiff to purchase the note, representing to him that the same was given for a valuable consideration. The plaintiff said he would pay Lusk $95 for the note, if the latter would get the defendant to guaranty the payment of the note. On the day following, Lusk produced the note, to the plaintiff, on the back of which, over his name, the defendant had written a guaranty, as follows : " For value received, I hereby guaranty the payment of this note." Lusk, then, by a separate writing on the back of the note, guarantied the payment thereof to the plaintiff; and the plaintiff thereupon paid Lusk $95 for the note, and took the same. Immediately afterwards Lusk handed the money to Warner. The plaintiff had no knowledge of this. He understood, when he took the note, that it belonged to Lusk—that it was given, with another note, for a boat and furniture.

The action was tried before a referee. At the trial there was some conflict of evidence as to whether the words " for value received" were inserted in the guaranty, by the defendant. The weight of evidence was that those words were inserted by him. The referee reported in favor of the plaintiff, and from the judgment entered on his report the defendant appealed.

*C. Mason,* for the appellant.

*T. R. Strong,* for the respondent.

Parshall *v.* Lamoreaux.

*By the Court,* WELLES, J. The note in question had no legal validity or existence as an obligation binding upon any one, until it was transferred to and purchased by the plaintiff at a usurious rate of interest. The transfer and purchase were between Lusk and the plaintiff; the former acting as the agent of Warner, the maker. If Lusk, on the occasion of the sale and transfer of the note, and before it was consummated, represented to the plaintiff that it was given for a valuable consideration, or, in other words, that it was a valid business note, and the plaintiff purchased it upon the faith of such representation, and in ignorance of the fact that it had never had a legal existence as a note, he, and Warner, his principal, would be estopped from alleging the contrary of such representations, or from availing themselves of the present defense of Usury.

But Lamoreaux, the defendant, was a mere accommodation guarantor. He received no consideration for guaranteeing the note, and made no representations to the plaintiff or any one else in regard to the character of the paper, or the circumstances under which it was given. It does not appear that he was cognizant of any representations made or to be made to the plaintiff or any one else, and there is nothing in the report of the referee, or the evidence, to estop him from setting up the present defense of usury. There is no doubt of his right as guarantor of the payment of the note, under the circumstances of the case, to interpose this defense, equally as if he had been a simple indorser of the note. These questions are all too well settled to render necessary the citation of authorities to prove them.

The judgment should be reversed, and a new trial granted.

[MONROE GENERAL TERM, March 3, 1862. *Welles, E. Darwin Smith* and *Johnson,* Justices.]