PETER F. DIERCKS *vs.* SAMUEL KENNEDY.

. 1. It is no valid objection to a defenc› of usury, that the mortgage sought to be foreclosed was given lor a part of the *purchase money* upon a contract for the sale of land, and not for a *technical loan of money.*

2. The taking of illegal interest, either upon a lending of money, or upon the forbearance of a debt, constitutes usury.

3. The forbearance, or giving time for the payment of a debt, is in substance a loan.

4. Where the contract upon its face is strictly legal, it will not be presumed that the parties had in contemplation an illegal stipulation.

5. Where a debtor wilfully admits a greater liability than actually exists, or conceals the equity or defence on which he subsequently relies, such concealment or admission will be absolutely conclusive in favor of an assignee, if acted on by him in accepting the assignment.

---

*Beasley,* for complainant.

*Williamson,* for defendant.

Cases cited by complainant's counsel. *McMurtry* v. *Giveans,* 2 *Beas.* 251; *McIntyre* v. *Parks,* 3 *Metc.* 207; 2 *Parsons* 384; *Floyer* v. *Edwards, Cowper* 112; *Beete* v. *Bidgood,* 7 *Barn. & Cress.* 453; *Van Schaick* v. *Edwards,* 2 *Johns. Cas.* 355; *Bank of United States* v. *Waggener,* 9 *Peters* 401; *Durant* v. *Banta,* 3 *Dutcher* 624; *Tate* v. *Wellings,* 3 *T. R.* 538; *Barclay* v. *Walmsley,* 4 *East* 55; *Brooks* v. *Avery,* 4 *Comst.* 225; *Berry* v. *Walker,* 9 *B. Mon.* 464; *Shirkey* v. *Hunt,* 18 *Texas* 883; *Hoyt* v. *Bridgewater Copper Mining Co.,* 2 *Halst. Ch. R.* 253; *Ibid.* 625; 3 *Lead.*

*Cases in Eq.* 370; *Petrie* v. *Feeter*, 21 *Wend.* 172; *Watson's Ex'rs* v. *McLaren*, 19 *Wend.* 557; *Davison* v. *Franklin*, 1 *Barn. & Ad.* 142; 1 *Story's Eq. Jur.*, § 191–2–3; *Ross* v. *Elizabethtown and Somerville R. R. Co.*, 1 *Green's Ch. R.* 434; *Berrisford* v. *Milward*, 2 *Atk.* 49; *East India Co.* v. *Vincent, Ibid.* 83; *Hobbs* v. *Norton*, 1 *Vern.* 136; *Mocatta* v. *Murgatroyd*, 1 *P. W.* 392; *Wendell* v. *Van Rensselaer*, 1 *Johns. Ch. R.* 353; *Parshall* v. *Lamoureux*, 11 *Am. Law Reg.* 186, (*Jan.* 1863).

THE CHANCELLOR. The only defence to the suit is that the mortgage sought to be foreclosed is usurious. It is no valid objection to the validity of the defence that the mortgage was given for a part of the purchase money, upon a contract for the sale of land, and not for a technical loan or lending of money. Usury, according to Sir Edward Coke, is a contract upon a loan of money, or giving days for forbearing of money, debt, or duty, by way of loan, chevisance, shifts, sales of wares, or other doings whatsoever. 3 *Inst.* 151, c. 70; *Comyn on Usury* 1.

The taking of illegal interest, either upon a lending of money or the forbearance of a debt, constitutes usury. The forbearance or giving time for the payment of a debt, is in substance a loan. *Spurrier* v. *Mayoss*, 1 *Vesey* 531; *Dewar* v. *Span*, 3 *Term R.* 425; *Van Schaick* v. *Edwards*, 2 *Johns. Cas.* 355.

That this is the legislative construction of our statute in regard to usury, is very clear from the language of the various enactments upon the subject. The original act against usury, *Nix. Dig.* 401, § 1, prohibits the taking of more than six per cent. only upon a contract for loan of money, wares, &c. The various supplements to the act authorizing a higher rate of interest, include in terms not only a loan, but also " the forbearance or giving day of payment for any money, wares," &c. *Nix. Dig.* 402, § 7, 8; *Pamph. L.*, 1858, 34.

If the original act had not been understood to include the

forbearance or giving day of payment for a debt, the phraseology of the supplements would have been superfluous and unmeaning.

In this case moreover, the rate of interest forms no part of the contract for the exchange of lands. The written contract stipulates merely for the giving of mortgages. It is silent both as to the time of payment and the rate of interest. The written contract cannot be changed by parol; much less will it be presumed, where the contract upon its face is strictly legal, that the parties had in contemplation an illegal stipulation. The mortgagee testifies that there was a parol agreement made between himself and the mortgagor, that seven per cent. interest should be paid upon the mortgage. This verbal contract was made in the county of Union. I find no evidence whatever to show where the bond and mortgage were executed. If the parol agreement to take interest at the rate of seven per cent. was made in the county of Union, where the mortgagor resided, and the bond and mortgage were executed there, the contract is clear of usury. *McMurtry* v. *Giveans*, 2 *Beas.* 351.

The legality of the mortgage cannot be impaired by the fact that the written contract for the exchange of lands was executed elsewhere.

I think, therefore, that there is an entire failure of evidence to show that the contract is usurious. But admitting the mortgage to have been tainted with usury, can the defendant avail himself of the defence?

Upon the assignment of the mortgage by Riggs, the original mortgagee, to Diercks, the complainant, the mortgagor gave a written certificate that the mortgage was a good and valid lien upon the premises; that it was given for a part of the purchase money, and that there then existed no legal or equitable defence thereto. Upon the faith of that representation the complainant took an assignment of the mortgage. There is no pretence that he was aware of the invalidity of the contract. The defendant is estopped in equity by his own representation from setting up the defence of usury.

Where a debtor wilfully admits a greater liability than actually exists, or conceals the equity or defence on which he subsequently relies, such concealment or admission will be absolutely conclusive in favor of the assignee, if acted on by him in accepting the assignment. *Davison* v. *Franklin*, 1 *Barn. & Ad.* 142; *Watson's Ex'rs* v. *McLaren*, 19 *Wend.* 557; 3 *Lead. Cases in Eq.* (*Am. ed.*, 1859,) 370, and cases there cited.

In accordance with this principle, it was held by the Supreme Court of New York in *Parshall* v. *Lamoureux*, that if the holder of a note, on the occasion of its sale and transfer, represents to the purchaser that it was given for a valuable consideration, and the purchaser takes it upon the faith of such representation and in ignorance of the fact that the note has never had a legal existence, the holder will be estopped from availing himself of the defence of usury. 37 *Barb.* 189; *Amer. Law Reg. for January*, 1863, *p.* 186.

The principle upon which this doctrine rests admits of a much broader application and is founded upon the clearest equity. 2 *Smith's Lead. Cases,* (*Am. ed.*, 1844,) 467; 1 *Story's Eq.*, § 191-3.

The complainant is entitled to a decree.