## AUGUSTUS P. OTTO *et al.*
## *v.*
## JAMES JACKSON.

1. MEASURE OF DAMAGES — *on breach of covenant by a lessee to surrender the premises at the end of his term.* In an action upon a guaranty of the performance by a lessee of a covenant in his lease to surrender the premises, at the end of his term, when the breach alleged is his refusal to surrender the premises, the

35  349
33a  27
35  349
148  202
35  349
64a  522
35  349
87a  660
35  349
d98a  s672
d98a  s673

amount of rent stipulated in the lease is, presumptively, the true measure of damages sustained, the same to be computed by reference to the time during which the lessor is shown to have been kept out of possession.

2. INSTRUCTIONS — *misleading.* The covenant in the lease was, to yield up the premises at the end of the term *in as good condition as when they entered upon them.* An instruction recited the whole of this covenant, and then told the jury that if the lessee had failed to keep the covenant his sureties were liable for all the damages sustained by the lessor by reason of such failure, and then declared the measure of damages as above. The recital in the instruction of that part of the covenant in reference to the condition in which the premises should be yielded up, could not have misled the jury, as the breach alleged was simply a failure to surrender at the end of the term, and the proof pointed to such a breach alone; and moreover, the measure of damages declared, had reference only to that breach. No claim whatever was made that the premises were not kept in repair; and although the words in reference to that subject had better have been omitted from the instruction, still it is not erroneous because they were used.

3. EVIDENCE — *when necessary to prove the execution of an instrument before it can be admitted in evidence.* Where a guaranty that certain lessees shall perform their covenants is written upon the lease, in a suit upon the guaranty for an alleged failure on the part of the lessees to perform as they agreed, the lease is admissible in evidence on behalf of the plaintiff, without proof of its execution, unless its execution is denied on oath. The lease and the guaranty indorsed upon it, must be taken as one entire agreement. In such case there are, technically, two instruments on which the suit is brought, but practically, only one to which our practice act applies.

4. SAME — *estoppel.* But in such case the guarantor would be estopped to deny that the lease was duly executed by the lessees whose covenants he has guaranteed shall be performed. His entering into the guaranty was an acknowledgment on his part that the lease was duly executed by the lessees, and he is not permitted to aver against it or controvert it by proof.

5. ESTOPPEL — *of its nature and effect.* An estoppel is said to be an admission of a nature so high and conclusive, that the party whom it affects is not permitted to aver against it or offer evidence to controvert it.

6. CONTRACT OF GUARANTY — *whether the covenantee must be named therein.* Where a guaranty is indorsed upon a lease, to the effect that the covenants on the part of the lessees shall be performed, it is not material that the name of the lessor should appear in the guaranty. The lease and the guaranty indorsed upon it being considered as but one instrument, if the covenantee be sufficiently designated in either, this enables him to maintain his action on the guaranty.

7. STATUTE OF JEOFAILS — *irregularities cured after plea and verdict.* A declaration in covenant was entitled as of the September Term, 1858, when the breach of covenant alleged could not have occurred until after that time; but it was held the irregularity could not be taken advantage of after plea and verdict. It was cured by the statute of jeofails.

APPEAL from the Superior Court of Chicago.

This was an action of covenant instituted in the court below by James Jackson against Augustus P. Otto and Herman Baer, upon their sealed guaranty that certain lessees should execute and perform the covenants of the lease. The lease was executed by the plaintiff as lessor, and by Zitsche and Roth as lessees, stipulating for a term of one year, commencing on the 1st day of April, 1858, and ending on the 1st day of April, 1859, and contained a covenant that the lessees would yield up the premises at the end of the term in as good condition as when they entered upon them. Upon the lease the guaranty sued upon was written as follows : " For and in consideration of the sum of one dollar, to us in hand paid, the receipt of which is hereby acknowledged, we do hereby guarantee the punctual performance of all the within covenants in every particular, on the part of the lessees. Witness our hands and seals," &c.

The lessees failing to surrender the premises at the end of the term, the lessor brought this action against the guarantors, alleging this failure on the part of the lessees as the breach.

The suit was commenced in 1861, but the declaration was entitled as of the September Term, 1858. No objection seems to have been made to the declaration in the court below, but the defendants filed their pleas denying the material allegations therein contained. Upon the trial the plaintiff offered in evidence the lease, having proved its execution by only one of the lessees ; the defendants objected to its admission unless its execution by both the lessees was proven, but the court overruled the objection, and it was read in evidence, together with the guaranty written upon it. The holding over by the tenants being shown, the court, among others, gave to the jury this instruction on behalf of the plaintiff :

" 4. If the jury believe from the evidence in this cause that the tenants, Roth and Zitsche, covenanted to yield up the premises in question at the end of their term, *in as good condition as when they entered upon them, and they failed to keep*

*said covenant*, then their sureties became liable for all the damages which the plaintiff sustained by reason of such failure. The *amount of rent stipulated in the lease is presumptively the true measure of damages sustained*, the same to be computed by reference to the time during which the plaintiff is shown to have been kept out of possession."

To which the defendants excepted. The jury returned a verdict for the plaintiff, and assessed his damages at $500. A new trial was refused, and a judgment entered upon the verdict. The defendants bring the case to this court by appeal, and assign the following errors:

1st. The court erred in admitting the lease purporting to be executed by Zitsche and Roth, in evidence, without proof of the execution thereof by Roth.

2d. The court erred in giving the fourth instruction asked on behalf of the plaintiff below.

3d. The court erred in relation to the measure of damages established in and by the instruction in that behalf given to the jury.

4th. There is error in said record, because it appears that the declaration in the cause is entitled as of the September Term, A. D. 1858, and which term is anterior to the time when the alleged breach for not yielding up the possession of the premises in question must have occured.

Messrs. McALLISTER, JEWETT and JACKSON, for the appellants.

*First.* The fourth instruction given by the court on behalf of the plaintiff below, was manifestly erroneous, absurd and illogical; calculated to mislead the jury, and without it, the court should presume that the verdict of the jury, wholly unsupported, as it was, by the evidence, would not have been found.

1st. The action of covenant is defined to be " a remedy "provided by law, for the recovery of *damages* for the breach " of a covenant, or contract, under seal." 1 Chit. Pl. 115.

The plaintiff must assign the breach, and show, on the face of his declaration, that he has sustained damages. *Gould* v. *Allen*, 1 Wend. 182.

The *breach*, also, must be proved as laid in the declaration. 2 Greenl. Ev. § 236.

" Upon a *covenant to repair*, and issue joined on a general " traverse of the breach, the plaintiff must prove the actual " state of the premises, so as to show that they were substan- " tially out of repair; and in doing this, *he will be confined to* " *the matters expressly alleged as constituting the breach.*" 2 Greenl. Ev. § 245, *a.*

The breach, for not yielding up the possession of demised premises to the landlord, at the expiration of the term, and that of failing to yield them up *in as good condition as when the tenant entered upon them*, are totally distinct in nature and character; the former involving an inquiry as to the *possession* of the premises, merely; the latter, into their state and condition. The former is specified in the declaration; the latter is not even alluded to.

It was, therefore, a palpable error for the court to submit to the jury the consideration of a breach, not assigned, and in reference to which, there was no evidence.

But the amount of rent stipulated in the lease is not *presumptively* the true measure of damages, for the breach of not yielding up the premises, at the expiration of the term. The true rule is the value of the use of the premises during such time as the plaintiff was deprived of them. That was the rule given to the jury in the case of *Kennicot* v. *Sherwood*, 22 Ill. 194, by the first instruction on behalf of the plaintiff in that case, and upon appeal, this court said, " The instructions given " by the court, both for the plaintiff and defendant, presented " the law arising on the facts in evidence, as we believe, cor- " rectly," and no other rule could, with reason, and supported by authority, be adopted. *Bramley* v. *Chesterton*, 2 C. B. (N. S.) 592; 12 Mees. & Wels. 318.

*Second.* No cause of action was shown by the evidence in this case, and the court erred in overruling the motion for a

new trial, because the plaintiff is not named in the covenant sued upon.

"But, though covenant lies as well on a deed poll, as upon a "deed indented, yet the *parties must be named* therein; and, "therefore, when in covenant, the plaintiff declared that J. S., "being arrested at his suit, and in the custody of the bailiff, "the defendant promised and engaged to bring in the body of "J. S. into the custody of the bailiff, on such a day, on "demurrer it was holden, that the action would not lie, *the* "*plaintiff not being named* in the agreement, and no averment "*dehors* could avail him." 2 Bac. Abr. 555; *Green* v. *Horn*, 1 Salk. 197; *De Bolle* v. *The Pennsylvania Ins. Co.*, 4 Wharton, 68, 14 Vesey, 187; *Keatly* v. *McLeagherty*, 4 Missouri, 221; *Harris et al.* v. *Campbell*, 4 Dana, 587; *How* v. *How*, 1 N. H. 49; *Hinckly* v. *Fowler*, 15 Maine, 285.

It is alleged in the declaration in this case, that the defendants covenanted *with the plaintiff;* but this allegation is not supported by the proof, and, therefore, the verdict cannot be sustained, and a new trial should have been granted.

Mr. B. F. Ayer, for the appellee.

We insist that the lease was properly admitted. The lease and the guaranty indorsed thereon are to be taken together as an entire agreement. The latter refers to and adopts the former as containing the stipulations on the part of the lessees, which the defendants agree to guaranty the performance of; and the action was founded on both instruments. Not having denied the execution of either under oath, the defendants could not require proof of their execution at the trial. *McLaughlin* v. *McGovern*, 34 Barb. 208; Story on Bills, § 225; *Coggill* v. *Am. Exch. Bank*, 1 Comst. 113; *Erwin* v. *Downs*, 15 N. Y. 576.

Aside from this, the defendants were estopped by their guaranty from denying the due execution of the lease; and the ordinary evidence of Zitsche's authority to act for Roth was rendered unnecessary by the estoppel.

"An estoppel is an *admission*, or something which the law "treats as equivalent to an admission, of so high and conclusive "a nature, that the party whom it affects is not permitted to "aver against it, or offer evidence to controvert it." 2 Smith's Lead. Ca. 437.

In *Smith* v. *Burnham*, 9 Johns. 306, A., by a covenant under his hand and seal, agreed to pay B. one dollar for every thousand of timber annexed to *his name* in a *schedule* annexed to the agreement, for the privilege of floating the same down a certain stream and dam. In an action of covenant, brought by B. against A., he pleaded *non est factum*, and it appeared that the schedule annexed to the agreement was subscribed "*Delano & Burnam*," and the name of the defendant subscribed to the agreement was *Andrew Burnham*. The plaintiffs in their declaration averred, after setting out the agreement, that there was annexed to *the name of the said defendant* in the *schedule*, two thousand feet of timber, etc. It was held that the defendant having admitted by his covenant that his name was subscribed to the *schedule*, was estopped to deny that *Delano & Burnam* did not include his name, or to allege a *misnomer*, in avoidance of his covenant; the schedule being taken, in this respect, as a part of the covenant.

The principle here contended for, is also fully sustained by the following additional authorities: *Cowgill* v. *American Exchange Bank*, 1 Comst. 113, 117; *Scott* v. *Waithman*, 3 Stark. 168; *Barnes* v. *Lucas*, Ryan & Moody, 264; *Baingloe* v. *Goodson*, 5 Bing. N. C. 739; *Bestor* v. *Walker*, 4 Gilm. 19; *Peoria & O. Railroad Co.* v. *Neill*, 16 Ill. 270; *Gray* v. *McLean*, 17 id. 404; *Bestor* v. *Phelps*, 17 id. 592; *Green* v. *Wardwell*, 17 id. 278; *Shaw* v. *Havekluft*, 21 id. 128.

The fourth instruction for the plaintiff could not have misled the jury; and the rule in regard to the measure of damages was correctly laid down. Sedgwick on Damages, 123–128; *Goodtitle* v. *Tombs*, 3 Wils. 118; *Digby* v. *Atkinson*, 4 Camp. 273; *Doe* v. *Samuel*, 5 Esp. 173; *Jackson* v. *Wood*, 24 Wend. 443; *Inches* v. *Dickinson*, 2 Allen, 73; *Prickett* v. *Ritter*, 16 Ill. 96; *McKinney* v. *Peck*, 28 id. 174.

9. The technical objection suggested, for the first time, in appellants' brief, that the plaintiff was not entitled to maintain his action because he was not named in the covenant sued on, requires a brief notice.

The rule laid down in *Green* v. *Horn*, 1 Salk. 197, that "though covenant may be brought on a deed poll, yet the "party must be named in the deed," has not been held, in modern cases, to require that his name should, in terms, be used. It is sufficient if it appears from the nature of the transaction, that the covenant was made for the benefit of the party bringing the action. *Sunderland M. Ins. Co.* v. *Kearney*, 16 Ad. & El. N. S. 925; *Fellows* v. *Gilman*, 4 Wend. 419; *Webster* v. *Ela*, 5 New Hamp. 540; *Gray* v. *McCune*, 23 Penn. S. R. 447.

In the present case, however, it is unnecessary for the plaintiff to urge any departure from the strict letter of the above rule. The authorities are conclusive as to the point that the lease, and the guaranty indorsed thereon, are to be taken together as one instrument; and if the covenantee be sufficiently designated in either, this is enough to entitle him to maintain his action. *Stead* v. *Liddard*, 1 Bing. 196; *Coldham* v. *Showler*, 2 Car. & Kir. 261; *Same* v. *Same*, 3 M., G. & Scott, 312; *Leonard* v. *Vredenburg*, 8 Johns. 29; *Bailey* v. *Freeman*, 11 Johns. 221; *Rogers* v. *Kneeland*, 10 Wend. 218; *Same* v. *Same*, 13 Wend. 114; *Smith* v. *Burnham*, 9 Johns. 306; *McLaughlin* v. *McGovern*, 34 Barb. 208.

10. The fourth error assigned is, that the declaration is entitled of the September Term, 1858, which was anterior to the time when the cause of action accrued. The amended record shows that the suit was brought August 2d, 1859, to the September Term. The entitling of the declaration was clearly a clerical mistake. This irregularity was waived by filing pleas in bar. At all events the judgment cannot be arrested for it. Statutes of Amendments and Jeofails; 1 Scates' Statutes, 250, 251; *Beecher* v. *James*, 2 Scam. 463; *Frink* v. *Flanagan*, 1 Gilm. 38; *Norton* v. *Dow*, 5 id. 461; *Sullivan*

v. *Dollins,* 13 Ill. 84; *Spencer* v. *Langdon,* 21 id. 92; *King* v. *Haines,* 23 id. 340; *Gilmore* v. *Newland,* 26 id. 200.

This point is not alluded to in the appellants' brief, and it is presumed no importance was attached to it.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of covenant brought by appellee against appellants as guarantors, on their sealed guaranty that certain lessees should execute and perform the covenants of the lease.

The lease was executed by appellee of the first part, and by Zitsche and Roth of the second part. The guaranty is as follows: For and in consideration of the sum of one dollar to us in hand paid, the receipt of which is hereby acknowledged, we do hereby guarantee the punctual performance of all the within covenants in every particular on the part of the lessees. Witness our hands and seals, &c.

The declaration contained three counts, setting out the lease in each. The third count avers the execution of the lease, the covenant of the lessees to yield up possession of the premises at the expiration of the term, and the agreement of the defendants to guarantee the performance of the covenants. It also avers that the lessees took possession of the premises under the lease, and assigns for breach that the lessees failed and refused to yield up the possession of the premises to the plaintiff at the expiration of the term, by reason whereof the plaintiff alleged he had been deprived of the use of the premises, and had lost large sums of money, &c., and the defendants had failed to keep their covenant, but had broken the same, &c. These allegations were met by pleas of defendants separately filed, denying all of them, and issue was taken on them all. A verdict was found for the plaintiff, a new trial refused, and the case brought here by appeal, on a bill of exceptions.

Several questions have been mooted which we do not consider sufficiently important to discuss, the marrow of the controversy being found in the fourth instruction given for the appellee. It is as follows: If the jury believe from

the evidence in this cause that the tenants, Roth and Zitsche, covenanted to yield up the premises in question at the end of their term in as good condition as when they entered upon them, and they failed to keep said covenants, then their sureties became liable for all the damages which the plaintiff sustained by reason of such failure. The amount of rent stipulated in the lease is, presumptively, the true measure of damages, the same to be computed by reference to the time during which the plaintiff is shown to have been kept out of possession.

The appellant contends that this instruction is not only erroneous, but absurd and illogical, calculated to mislead the jury, and without it this court should presume that the verdict, wholly unsupported as it was by the evidence, would not have been found.

By reference to the third count of the declaration, it will be perceived the breach assigned was for not delivering up the premises at the expiration of the term, and all the evidence in the cause was directed entirely to that point, and to no other. There was no breach of a covenant to repair, assigned, and no effort to establish such a claim by proof. In the lease there is a covenant to surrender the premises in as good condition as when the lessees entered, but there was no claim made that they had suffered the premises to get out of repair, for which damages were claimed. How the jury could have been misled by this, about which there was not a particle of proof, it is difficult to perceive. The claim was, that the premises were not surrendered at the expiration of the term, and to that only had the evidence pointed and the attention of the jury been called. It would have been better, perhaps, if those words had been left out, as they had nothing to do with the case, but it is quite impossible that the insertion of them could have misled any sensible jury, the more especially as they were told by the same instruction that the amount of rent stipulated in the lease was the measure of damages. This shows conclusively that to no claim for damages, other than those consequent upon the refusal to surrender the possession, could

the minds of the jury stray. The language of the covenant was incorporated into the instruction, but was not the language of the breach, and could do no injury.

That the measure of damages was correct, is apparent from the following cases decided by this court: *McKinney* v. *Peck*, 28 Ill. 174; *Prickett* v. *Ritter*, 16 id. 96.

Another objection was taken by the appellants, deserving consideration. On the trial, they objected to the admission of the lease in evidence, on the ground that there was no proof of its execution by Roth, one of the lessees.

The lease and the guaranty indorsed upon it, must be taken as one entire agreement. It is fairly inferable, from the terms of the guaranty, that it was written upon the outside page of the lease, else there could be no application of the word "within," as used in the guaranty. There were, then, technically, two instruments on which the suit was brought, but practically, but one to which our practice act applied. No proof of the execution of either was necessary, as there was no denial, on oath, of their execution.

But on another ground, the appellants were estopped by their guaranty from denying the execution of the lease.

In principle, this is analogous to the case of *Shaw et al.* v. *Havekluft et al.*, decided by this court. 21 Ill. 128. That was a suit against the sureties of a constable on his official bond, in which they made the point that the principal in the bond was not a constable. We held the execution of the bond estopped the sureties from denying that fact. So here, entering into this guaranty, was an acknowledgment by the guarantors, that the lease was duly executed by both lessees. An estoppel is said to be an admission of a nature so high and conclusive that the party whom it affects is not permitted to aver against it or offer evidence to controvert it.

A case is referred to by the counsel for appellee, very much in point with this case, and the reasoning and argument of the opinion of the court quite satisfactory and conclusive. It is the case of *McLaughlin* v. *McGovern*, 34 Barb. 208.

Another objection made by the appellants, it may be well to notice. It is, that the appellee was not entitled to maintain his action, because he was not named in the covenant of guaranty.

Holding, as we do, the lease and guaranty indorsed upon it, to be but one instrument, if the covenantee be sufficiently designated in either, this enables him to maintain his action. Suppose the appellants had embodied the lease in the writing of guaranty, would it be pretended a covenantee, as to them, was not named? Can there be any difference, where the guaranty refers in express terms to the lease, as in this case? If they had recited the lease in their undertaking, no one will deny, that would have been a sufficient designation of the covenantee. The cases cited by appellee, of *Bailey et al.* v. *Freeman*, 11 Johns. 213; of *Rogers* v. *Kneeland*, 10 Wend. 218, and *McLaughlin* v. *McGovern, supra,* are in point.

The irregularity appearing on the declaration, it being entitled of September Term, 1858, cannot be taken advantage of after plea and verdict. It is cured by the statute of jeofails.

That it was the duty of the lessees to surrender the premises to appellee, there can be no doubt ; it was so covenanted in the lease, and the guarantors are responsible on failing so to do. The judgment must be affirmed.

*Judgment affirmed.*