### PUTNAM V. SCHUYLER.

*Suretyship — when defense of fraud on principal contract is available to surety.*

A. induced H. to execute a promissory note to him of which defendant afterward guaranteed the payment. *Held*, that the defense of fraud on the part of A. in procuring the note was available to defendant in an action upon the guaranty by the executor of A.

APPEAL by defendant from a judgment in favor of plaintiff entered upon a decision of the court.

The action was brought by John R. Putnam as executor, etc., of Richard L. Allen, deceased, against Lucinda W. Schuyler, upon a guaranty by defendant of two promissory notes made by one Katherine S. Henriques, and payable to the order of plaintiff's testator.

Sufficient facts appear in the opinion.

*Matthew Hale*, for appellant.

*John R. Putnam*, for respondent, cited *Mann* v. *Eckford's Ex'rs*, 15 Wend. 502; *Remsen* v. *Graves*, 41 N. Y. 475; *Lewis* v. *McMillen*, 41 Barb. 420; *Gillispie* v. *Torrance*, 25 N. Y. 306; *Sterns* v. *Marks*, 35 Barb. 565; *McLaughlin* v. *McGovern*, 34 id. 208; *Erwin* v. *Downs*, 15 N. Y. 576.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

LEARNED, P. J. Mrs. Henriques in her life-time made two notes to Dr. Allen, the plaintiff's testator. After her death, the defendant guaranteed them by writing under each as follows :

"For value received, I hereby guarantee the payment of the above note.

"L. W. SCHUYLER."

On the trial the defendant offered to prove that Dr. Allen was the medical attendant of Mrs. Henriques ; was in the habit of advising her as to financial and other matters ; that she reposed confidence in him in relation to her affairs, together with certain other matters tending to show that the notes were obtained by fraud, and that they were without consideration.

The evidence was objected to, on the ground that by executing the guaranty, the defendant had admitted the notes and was estopped; that the defense of fraud was personal to Mrs. Henriques and her representatives ; that the defendant could not impeach the settlement between the maker and payee. The evidence was excluded and the defendant excepted.

I assume, from the manner in which the case is presented, that it was not really claimed on the trial that these matters would not have been competent in behalf of the representatives of Mrs. Henriques. Their exclusion was on the ground that they were not competent in behalf of the guarantor.

On this subject of the right of a guarantor to set up defenses which would undoubtedly be valid in favor of the principal, there is an apparent conflict. But a little discrimination will show that the conflict is only apparent.

First. There is a class of cases in which the owner of a note or bond has assigned it, with a guaranty. In these it has been held that the guarantor could not show that the instrument was invalid. It would be unjust to permit him to assign an invalid instrument, to guarantee its payment or collection, to receive the value, and then, when sued on his guaranty, to assert that the original instrument was invalid. He is estopped. *Remsen* v. *Graves*, 41 N. Y. 475 ; *Zabriskie* v. *C. C. & C. R. R. Co.*, 23 How. (U. S.) 399.

The case of *Mann* v. *Eckford's Ex'rs*, 15 Wend. 502, is of this character. The life and fire company, of which Eckford was president, assigned to the Western Insurance Company a bond and mortgage. Eckford guaranteed the bond and mortgage and the money paid for it, *expressing the amount*. The defendants, his executors, were not allowed to set up usury in the bond and mortgage against the plaintiff, the receiver of the insurance company.

Second. The guarantor is held liable in those cases in which the debt is justly owing, although, from some defect or incapacity, the principal is not liable in an action. Thus where the makers of a note were married women, incapable (then) of making a note, the accommodation indorser was still held liable. *Erwin* v. *Downs*, 15 N. Y. 576. See *Kimball* v. *Newell*, 7 Hill, 116. The guarantor of a lease is liable, although only one of the two lessees executed the lease. *McLaughlin* v. *McGovern*, 34 Barb. 208. In that case Judge BACON speaks of this class of cases, mentioning, among others, the guaranty of goods sold to an infant. So the guarantor of a note,

purporting to be made by two, where the signature of one is unauthorized, is liable. *Sterns* v. *Marks*, 35 Barb. 565. In all these cases the debt is justly owing to the plaintiff; and, through no fault of his, he is unable to recover against the principal or one of the principals.

Third. A guarantor cannot set up, by way of set-off, a claim distinct from that on which he is sued. The right of set-off (that is, as distinguished from a defense arising upon the claim itself) belongs only to the principal debtor and can be used only at his option. Such is the doctrine of *Gillispie* v. *Torrance*, 25 N. Y. 306; and this is all which that case decides on this point. By indirection, however, it implies that a defense to the claim (as distinguished from a set-off) is available to the guarantor. To the same effect is *Lewis* v. *McMillen*, 41 Barb. 420.

Fourth. But there are still other cases which are not embraced in either of these three preceding classes; cases where the plaintiff is the original party to the contract, and therefore has not received it by assignment from the guarantor, where the proposed defense is not the incompetency of the principal to contract, and where it arises out of the contract itself, and not by way of set-off. In these the guarantor has been permitted to make the defense. He has thus, as to the original contract, been allowed to set up usury: *Morse* v. *Hovey*, 9 Paige, 197; *Parshall* v. *Lamoreaux*, 37 Barb. 189; duress of his principal: *Osborn* v. *Robbins*, 36 N. Y. 365; *Strong* v. *Grannis*, 26 Barb. 122; partial failure of consideration: *Sawyer* v. *Chambers*, 43 id. 622. And I find no case which intimates that when a person has obtained an obligation from a principal by fraud, he can wipe out the fraud by obtaining a surety to the obligation.

Assuming that, in justice and equity, the obligee, by reason of fraudulent acts on his part, has either no claim or a less claim against the principal, I see no reason why he should stand in a better position against the guarantor.

The distinction which has been pointed out, namely, that inability on the part of the principal to contract is no defense to the guarantor, while fraud in the contract is, may be found in the civil law. This says that personal defenses do not pass to others, but that defenses inherent in the thing, such as, among others, fraud and duress, are available to sureties. Dig. 44, 1, *de exceptionibus*, l. 7, § 1; Cod. 2, 24 (23), *de fide jus.* 2. "If, in the principal

obligation, there is any essential vice which may annul it, as if it has been contracted by force, if it is contrary to law or to good manners, if it be founded only on a fraud or on some error which may suffice to annul it, in all these cases the obligation of the surety is likewise annulled." Strahan's Domat., Bk. 3, tit. 4, § 5, art. 2; id., § 1, art. 10.'

The defendant offered to prove acts of the plaintiff's relator, tending to show that he obtained the notes improperly from the maker; that he took advantage of her confidence in him and that she did not owe him. If these facts be true, he ought neither to recover of her representatives on the notes, nor of the defendant on her guaranties.

The judgment should be reversed and a new trial ordered, costs to abide the event.

*Judgment reversed and new trial ordered.*