The facts in this cause are contained in a stipulation filed herein.
The Admiral Sampson Building and Loan Association, hereinafter referred to as Association, is an association in liquidation pursuant to R.S. 17:12-81 et seq. The complainant, Edward Clawans, hereinafter referred to as Clawans, together with the defendants Joseph M. Reicher and William I. Ackerman, were elected trustees in liquidation on February 7th, 1938.
This suit is brought by Clawans as a member of the association, to enjoin a suit at law by Leah Fishman on a promissory note of the association made to her for $9,000, and for the surrender and cancellation of the note, upon the grounds that the note was given without consideration, in payment of the withdrawal value of shares held by her in the association; that the officers of the defendant association were not authorized by the directors or members thereof to execute and deliver said note, nor was the act of the officers ratified by the directors or members of the association; that at the time of the making of the note the association was without funds to pay the same in the manner provided by statute and that the delivery of the note constituted an unlawful preference; that the defendants Reicher and Ackerman as trustees failed *Page 171 
to defend the action at law and adopted a resolution authorizing the payment of the note.
The ground alleged for equitable intervention is that the defendant Leah Fishman by her suit at law seeks and will receive, if successful, a greater proportion of the assets of the association than will be received by the remaining members.
Abraham Fishman, husband of Leah Fishman, in his lifetime, was the holder of shares of stock in the association. Desiring to withdraw certain of his shares, on September 28th, 1931, he surrendered shares having a book value of $27,500.20 which shares were canceled and in payment a check of the association was given for $500.20 and the balance of $27,000 in promissory notes of the association to his order. The promissory notes were dated September 30th, 1931. At the time of this transaction Fishman was either first or second on the withdrawal list according to the minutes of the association. Fishman pledged the notes with the Clinton Trust Company. Later the issuance of the notes was ratified and confirmed by action of the board of directors of the association at a meeting held on February 23d 1932. It also appears that the subject-matter of the notes was before the association at its meetings on March 28th, April 25th, June 27th, September 26th, November 28th, 1932, and March 27th, June 29th, July 31st, 1933. During the periods mentioned the notes were held by the Clinton Trust Company as collateral.
Fishman died on June 18th, 1932, and between the time of his death and March 5th, 1934, his estate paid its debt to the Clinton Trust Company and the notes were returned to the estate.
After Fishman died the matter of a trust fund of $50,000 created by him for the benefit of his widow, Leah Fishman (now Leah Steiger) was before this court and resulted in a decree. Negotiations then took place between the parties for the purchase of Mrs. Steiger's interest in the trust for $19,000, which sum was to be paid by the assignment to her of a $10,000 mortgage and the taking of the $9,000 note of the association. In that connection the directors of the association *Page 172 
on June 24th, 1935, authorized the issuance of a certificate. The certificate is dated July 22d 1935, and recites that the association is the maker of a certain promissory note dated October 30th, 1934, in the sum of $16,800 (the original amount having been reduced to that sum), payable one month after date to the order of the estate of Abraham Fishman at the Franklin Washington Trust Company, which note is about to be assigned by the estate of Fishman to Leah Fishman, Grace F. Grosman and Sara F. Basen, "and to enable said assignment to be made and accepted, that said note, so to be assigned and transferred, is a valid and subsisting obligation for the full amount of principal and interest * * * and that there are no defenses or offsets to said note or the indebtedness which it represents * * * and that the obligation represented thereby remains unmodified and fully due and payable." Upon the faith of that representation Leah Fishman (now Steiger) on December 29th, 1936, took from the association the note to her order for $9,000, and thereafter the association paid her monthly interest on the same. Under the facts of this case Leah Fishman could have accepted the note without making any inquiry but she made inquiry and obtained the certificate of the association that the note was a valid negotiable instrument.Diercks v. Kennedy, 16 N.J. Eq. 210.
On March 5th, 1938, after the trustees in liquidation were appointed, Leah Steiger filed proof of her claim for $9,000 and the trustees for two years thereafter paid her monthly the interest on the note. The trustees, including the complainant, Clawans, pursuant to the statute, made verified reports for the years 1939 and 1940 to the Commissioner of Banking and Insurance in which they set forth that Leah Steiger was a creditor of the association and the holder of the note for $9,000. These reports were made from time to time to this court and the complainant, as one of the trustees, verified the reports. It also appears that from 1932 returns made to the Department of Banking and Insurance listed the notes given Fishman from which the $9,000 note here in question is derived and that the complainant, Clawans, in several of these reports was the auditor of the association *Page 173 
in connection with the making of such reports. Complainant, because of his acts and conduct and those of his co-trustees, is estopped in equity.
After April 12th, 1940, the $9,000 note was considered by the trustees, including the complainant. Reicher and Ackerman determined that the note was a legal obligation and that Leah Steiger was a creditor. Clawans did not acquiesce in this determination of the majority of the trustees and on July 23d 1940, the action at law herein sought to be restrained was brought to recover the amount of the note with interest. Clawans, "as one of the trustees," filed answer to the suit at law, and then on October 15th, 1940, filed his bill in this court. The answer in the law action was on motion stricken and judgment entered December 10th, 1940, in the sum of $9,297.50 and costs.
The answer filed by the complainant as one of the trustees set forth as a defense the precise grounds which he now urges as a complainant in this court (a) that there was no consideration for the giving of the note; (b) that the consideration, if any, was illegal; (c) that the note was the result of a conspiracy and fraudulent agreement between the then existing officers of the building and loan and the defendant, whereby the plaintiff was given an illegal and fraudulent preference contrary to the law in such case made and provided; (d) that the plaintiff is not entitled to payment of building and loan shares except in accordance with the law, and that the officers of the building and loan had no authority to execute and deliver the note. Thus there is presented the situation where the very defenses interposed in the action at law are the basis of complainant's bill in equity. The defenses thus interposed in the action at law were passed upon on their merits and an order awarded striking the answer. No appeal from the order striking the answer was taken and the time to appeal has long since expired.
In the amended answer in the present suit the defendant Leah Steiger sets up the judgment at law against the association and pleads the defense of res judicata. It is a settled principle of law that where the relief sought in the second *Page 174 
suit is predicated upon the same cause in essence and substance as that litigated in the first suit, the parties are concluded not only as to every matter which was offered and received to sustain or defeat the claim but as to every other admissible matter which might have been offered for that purpose. Nuzzi v.United States Casualty Co., 121 N.J. Law 249, 259; 1 Atl. Rep.
2d 890.
Complainant's solicitor in support of his contention that the issuance of the note was a preference of one member over another in violation of the statutes governing withdrawal of building and loan shares relies upon Bucsi v. Longworth Building and LoanAssociation, 119 N.J. Law 120; 194 Atl. Rep. 857. The cited case is not applicable to the matter before the court. The status of Leah Fishman (now Steiger) was that of a creditor, not that of a withdrawing shareholder with respect to the promissory note in question.
 Decree will be advised dismissing the bill of complaint. *Page 175