42  446
51a  77

# ELIZUR SOUTHWORTH

## *v.*

## CONSTANTINE HOAG.

1. BURDEN OF PROOF — *consideration.* A made a contract with B that, for a certain sum of money, B should furnish an acceptable substitute for C, who had been drafted into the military service of the United States. A, accordingly, paid a part of the agreed sum in money, and gave B his note for the balance. B furnished the substitute, and obtained a certificate therefor. In an action by B upon the note, A set up, by way of defense, that B not only agreed to furnish such substitute, but, also, agreed to procure the discharge of C, which he had failed to do, whereby the consideration of said note had failed. *Held,* that the *onus* was upon A to prove substantially the facts as pleaded by him as a defense, and, having failed to do so, and the proof showing that B simply undertook to furnish an acceptable substitute, and had done so, he was entitled to recover, notwithstanding, the government refused to release C after having accepted the substitute, as B had not, and could have no control over such action.

2. VERDICT — *contrary to the evidence.* When a verdict is contrary to the evidence, or when there is no evidence to support it, the court will grant a new trial.

APPEAL from the Circuit Court of Montgomery county; the Hon. H. M. VANDEVEER, Judge, presiding.

Mr. G. B. BURNETT, for the appellant.

Mr. W. H. HERNDON, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, brought to the September
Term, 1865, of the Montgomery Circuit Court, by Elizur South-
worth against Constantine Hoag, William Kissick and Augus-
tus Adams, on a promissory note. Hoag, alone, was served
with process, and he pleaded the general issue, and a total
failure of consideration, setting out the facts, and, for a third
plea, a partial failure of consideration, showing wherein and to
what extent.

The cause was tried by a jury on the issues made up on these
pleas, and a verdict for the defendant. A motion to set aside
the verdict and for a new trial was refused, and exceptions
taken, and the cause brought here by appeal. The error
assigned is, that the verdict is contrary to the evidence.

It appears from the bill of exceptions, that Southworth was
a substitute broker, and the defendant made a contract with
him to put in an acceptable substitute for one John McKenna,
who had been drafted into the military service of the United
States from Walshville precinct, in Montgomery county. The
defendant paid, on this account, to George P. Fowler, the
plaintiff's agent, four hundred dollars, and executed the note
in suit for three hundred and seventy-five dollars. The sub-
stitute was to be put in for three years. The plaintiff himself
being then at Jacksonville, Fowler telegraphed to him to pro-
cure and put in such substitute, to which plaintiff replied that
the government would not accept substitutes for three years,
but he would put in one for one year. Fowler informed the
parties to the note of this, and then made another contract with
them about the 5th of January, 1865, by which it was agreed
that the plaintiff should put in a substitute for one year for six
hundred and fifty dollars, that he should retain the four
hundred dollars paid, and the note given should be credited
with one hundred and twenty-five dollars. Fowler credited

the note with this amount, and then telegraphed plaintiff to put in a substitute for one year. Fowler stated there was no agreement made that McKenna should be released within any specified time, but he expressed the opinion, to parties who inquired about this, that he would be released in a few days. Lawrence Welsh testified for defendant, that he was present when the first contract was made, and was present when the second dispatch was sent, and heard Fowler say that McKenna would be home on Friday or Saturday ; does not know when he got out of the service, but did not see him at Litchfield until June, 1865 ; McKenna was drafted, and left Litchfield to report at Jacksonville, about the last of December, 1864 ; was not present when the second contract was made.

James Welsh testified, that he heard Southworth, at his residence in Litchfield, on the 3d or 4th of January, 1865, tell the defendant that he could not put in a substitute for McKenna for three years, — that government was not then receiving substitutes for that length of time, but that he would put one in for one year so soon as he returned to Jacksonville ; the defendant then asked him how soon McKenna would be home ; he replied that he was going to Jacksonville the next day, and would put in the substitute immediately, and that McKenna would be home by Saturday night following ; he had been drafted, and left Litchfield about the last of December, 1864, for Jacksonville ; does not know when he got out of the service ; did not see him in Litchfield until June.

·The plaintiff then, without objection, produced in evidence a paper, of which this is a copy: " This is to certify that E. Southworth furnished an acceptable substitute for John McKenna, a drafted man from Walshville, Montgomery county, Illinois. Wm. M. Fry, Captain and Provost-Marshal 10th District Illinois. Jacksonville, Illinois, January 5, 1865."

This was all the testimony, and it seems quite clear that the plaintiff performed the second contract. He did put in an acceptable substitute for McKenna on the next day or so, after the second contract was made. He did not undertake for the release of McKenna,—he merely expressed the opinion that he

would be home in a few days, by Saturday at farthest. It was a compliance with his contract that a substitute for McKenna was accepted. The government might hold him unjustly after a substitute was accepted. Over this the plaintiff had no control, and could have none.

The defendant failed to establish, by proof, the facts stated in his special pleas. He was bound to prove substantially the contract as he stated it. The *onus* was on him. No one proved there was any contract that McKenna should be released in ten days, or at any other time. The plaintiff performed his contract by procuring the acceptance of a substitute, on the day after the second contract was made, and he ought to recover the unpaid balance of the note, and the jury should have so found. Their verdict is contrary to the evidence, and should have been set aside. The refusal of the Circuit Court to set it aside was error, for which the judgment must be reversed. The rule of law is well established, by repeated decisions of this court, that, where the verdict has been given contrary to the evidence, or where there is no evidence at all to support it, and this case is in that category, the court will grant a new trial. *Lowry* v. *Orr*, 1 Gilm. 70; *Scott* v. *Blumb*, 2 id. 595; *Keaggy* v. *Hite*, 12 Ill. 99; *Baker* v. *Pritchett*, 16 id. 66.

The judgment of the Circuit Court is reversed, and the cause remanded for a new trial.

*Judgment reversed.*