# C. D. COOK

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon June 16, 1888.*

PHARMACY ACT—*making complaint—whether a prerequisite to bringing suit for penalty.* The making of complaint is not a prerequisite to the bringing of a suit before a justice of the peace for the penalty prescribed for a violation of any of the provisions of the Pharmacy act. It is only mandatory on the State's attorney to prosecute upon proper complaint being made.

APPEAL from the Circuit Court of Jefferson county; the Hon. CARROLL C. BOGGS, Judge, presiding.

Mr. C. H. BURTON, for the appellant.

Mr. W. H. GREEN, State's Attorney, for the People.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action brought before a justice of the peace, under section 12 of "An act to regulate the practice of pharmacy in the State of Illinois," (Laws of 1881, p. 120,) for the recovery of the penalty of $50 prescribed for a violation of the provisions of said section. There was judgment in favor of the defendant before the justice of the peace, but on appeal to the circuit court the defendant was found guilty, and the penalty of $50 recovered, and the defendant appealed to this court.

It is objected that there was no complaint made before the prosecution was begun. This objection is founded on section 15 of the act, which provides that "all suits for the recovery of the several penalties prescribed in this act, shall be prosecuted in the name of the 'People of the State of Illinois,' in any court having jurisdiction; and it shall be the duty of the State's attorney of the county where such offence is committed,

to prosecute all persons violating the provisions of this act, upon proper complaint being made." This making of complaint is not a prerequisite to the bringing of suit, but a mandatory provision with respect to the State's attorney, making it his duty to prosecute upon proper complaint being made. Section 12 gives the penalty. Section 15, in its first clause, provides that all suits for the recovery of the penalties prescribed shall be prosecuted in the name of the People, etc., in any court having jurisdiction,—and then follows the clause as to the State's attorney's duty. The penalty being $50, a justice of the peace had jurisdiction, and as there are no written pleadings before a justice of the peace, it is not a sufficient objection that it does not appear that a formal complaint was made.

It is insisted the evidence does not sustain the verdict, in that the article sold here,—for the selling of which, as being in violation of the provisions of the statute, the suit is brought,—was quinine, and that that is one of the usual domestic remedies, which, by the proviso to said section 12, are withdrawn from the application of the act. The proviso is as follows: "*Provided,* that nothing in this act shall apply to nor in any manner interfere with the business of any physician, or prevent him from supplying to his patients such articles as may seem to him proper, nor with the making or vending of patent or proprietary medicines, or medicines placed in sealed packages, with the name of the contents and of the pharmacist or physician by whom prepared or compounded, nor with the sale of the *usual domestic remedies* by retail dealers, nor with the exclusively wholesale business of any dealers, except as hereinafter provided." We think the jury were fully warranted in finding, from the evidence, that quinine was not one of the usual domestic remedies referred to in said proviso.

We find no error in the giving of instructions.

The judgment must be affirmed.

*Judgment affirmed.*