# J. OBERMANN BREWING COMPANY
## v.
## CAROLINE OHLERKING.

*Landlord and Tenant—Rent—Guaranty of Payment—Notice of Lessee's Default—Attorney's Fees—Interest—Costs.*

1. The entering into a written guaranty, upon a lease for the payment of the rent provided for therein, amounts to an admission of the due execution thereof.

2. The liability of a guarantor is in no wise affected by the failure of the lessor to give notice of the lessee's default.

3. While it is erroneous in such action to allow the recovery of attorney's fees and costs in entering judgment against the lessees, no complaint can be made thereof, where the record shows that no objection was made or exception taken, when the evidence touching the same was introduced, and that the attention of the court was in no manner called to the excessive verdict when a motion for a new trial was overruled.

[Opinion filed April 17, 1889.]

Appeal from the Circuit Court of Cook County; the Hon.
R. W. Clifford, Judge, presiding.

Mr. B. M. Shaffner, for appellant.

Mr. William Nunn, for appellee.

Moran, J.   This action was brought by appellee against
appellant on a guaranty indorsed on a lease in the following
terms: "For value received we hereby guarantee the payment
of the rent and the performance of the covenants by the
party of the second part in the within lease covenanted and
agreed, in manner and form as in said lease provided."   The
proof showed that rent, to the amount of $525, was due, and
that attorney's fees to the amount of $25, and $6 costs were
paid by plaintiff in attempting to enforce the covenants of
the lease against the lessee, and there was a verdict and judg-
ment for $556.

On this appeal it is urged for reversal, first, that the
court erred in admitting the lease in evidence without proof
of its execution.   To this objection there are two answers:
1. The evidence in the record shows that the execution of
the lease was duly proved.   2. Appellant, having executed
the guaranty on the back of the lease, was estopped to deny
that the lease was duly executed by the lessees, whose cove-
nants it has guaranteed shall be performed.   Entering into
the guaranty was an admission of the due execution of the
lease, and the guarantor is not permitted to aver against such
admission or to controvert it by proof.   Otto v. Jackson, 35
Ill. 349.

Second.   It is said that plaintiff had no right to recover, as
there was no proof that appellant had notice of the default of
the lessees in the payment of the rent.   There is nothing in
the objection.   It was the duty of the grantor to see that the
rent was paid by the lessees.   The liability on the guaranty
is primary, and no notice was necessary.   Voltz v. Harris,
40 Ill. 155.

Third. It is urged that it was error to allow the recovery of attorney's fees and costs in entering judgment against lessees. It is true that attorney's fees and costs were not recoverable against appellant, but it was liable for interest on the installments of rent as they became due, and the judgment is only about $5 more than it would have been if the fees and costs had been excluded and interest allowed. We can not reverse the judgment for this error, because the record shows that no objection was made or exception taken when the evidence as to the attorney's fees and costs were introduced, and that the attention of the court was in no manner called to the excessive verdict when the motion for new trial was overruled. To avail of such an error the party must, by general or specific objection, make it a ground for granting a new trial, and when that is not done the defendant will be regarded as having waived the objection. Jones v. Jones, 71 Ill. 562; Leyenberger v. Paul, 25 Ill. App. 480.

There is no error which authorizes interference by this court with the verdict, and the judgment of the Circuit Court must therefore be affirmed.

*Judgment affirmed.*

Nos. 62, 63, 64 and 65 at the present term between the same parties are affirmed, for the reasons stated in the foregoing opinion.