## Moore et al. v. Shoaff.

1. DAMAGES—*Excessive—In Appellate Court.*—The question of excessive damages can not be raised for the first time in the Appellate Court. The attention of the court below must be called to the excessive verdict in order that it may have an opportunity to correct the error.

**Memorandum.**—Appeal from justice's court. In the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Trial by jury; verdict and judgment for defendant. Appeal by plaintiff. Heard in this court at the March term, 1893, and affirmed. Opinion filed May 11, 1893.

The opinion states the case.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The judgment appealed from was rendered upon the verdict of a jury in the Circuit Court, in a cause begun by appellee before a justice of the peace and appealed to the Circuit Court by the appellants, who again appealed to this court.

The only exception taken to any of the proceedings in the Circuit Court, was to the overruling of the motion for a new trial and entering judgment upon the verdict. There were no instructions to the jury requested or given, and there were no objections or exceptions taken to the evidence.

The argument is mainly a contention that the judgment is not sustained by the evidence, and that the damages allowed were excessive. The motion for a new trial did not in any manner call the attention of the court below to the claim that the damages were excessive. Excessiveness of damages can not for the first time be urged in this court. The attention of the court below must be first called to the excessive verdict in order that it may have an opportunity to correct the error. "To avail of such an error the party must by general or specific objection, make it a ground for granting a new trial, and when that is not done the defendant will be regarded as having waived the objection." Oberman Brewing Co. v. Ohlerking, 33 Ill. App. 26; Richey v. Dunham, 50 Ill. App. 246.

The objection that the evidence does not sustain the judgment is all that remains worthy of serious consideration. Where a verdict has been rendered contrary to the evidence, or where there has been no evidence at all to support it, a new trial should be granted. Southworth v. Hoag, 42 Ill. 446.

But a reversal of the decision of the jury is not warranted in case there is a conflict of evidence, where the court can see from the whole record that justice has been done. Interference will only be had in order to prevent a plain perversion of justice. Illinois Central R. R. Co. v. Chambers, 71 Ill. 519.

Applying these rules we conclude that the evidence affords sufficient justification for the verdict. It was but right that the appellants should pay for the goods wrongfully lost by them.

The judgment of the Circuit Court will therefore be affirmed.