## Chicago R. I. & P. Ry. Co. v. Town of Calumet.

1. Appeals from Justices of the Peace—*Quasi Criminal Cases.*— Section 26, article 6, of the constitution, requires that all appeals taken in Cook county in *quasi* criminal cases shall be taken to the Criminal Court.

2. Appeals—*In Cases at Law.*—An appeal in a case at law is a matter of positive law, and lies only as provided by law.

3. Appeals from Justice's Court—*Proceedings in Circuit Court— Transcript.*—The law designed that the proceedings in the Circuit Court upon appeals from justice's courts should be based upon the transcript of the justice. It supplies the place of a declaration in suits at law in courts of record, where written pleadings are had.

4. Actions—*Names in Justice's Court.*—It makes no difference what name a justice gives to an action before him; it is, on appeal, to be what the evidence fits. But the same cause of action must be prosecuted on appeal as was sued upon before the justice, unless leave to change, by amendment, has been obtained.

5. Railroads—*Appeals in Quasi Criminal Cases in Cook County.*— A prosecution of a railroad company, under Sec. 35 of the act in relation to fencing and operating railroads, approved March 31, 1874, for neglecting to place a flagman at a street crossing, is a *quasi* criminal case. and appeals from justices of the peace in such cases in Cook county must be taken to the Criminal Court.

**Memorandum.**—Appeal from Justice's Court. In the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding. Appeal from an order dismissing an appeal. Heard in this court at the March term, 1893, and affirmed. Opinion filed May 24, 1893.

Appellant's Brief, Robert Mather and Thomas S. Wright, Attorneys.

The only question presented by this record, therefore, is whether or not the present action is a "*quasi* criminal case." It has been repeatedly determined by the courts of this State that an action to recover a fine or a penalty is a purely civil action. Jacksonville v. Block, 36 Ill. 507; Graubner v. Jacksonville, 50 Ill. 87; Havana v. Biggs, 58 Ill. 483; Hoyer v. Mascoutah, 59 Ill. 137; Town of Partridge v. Snyder, 78 Ill. 519; Genoa v. Van Alstine, 108 Ill. 555; Chicago v. Enright, 27 Ill. App. 559; Knowles v. Wayne City, 31 Ill. App. 474; Chicago v. Kenney, 35 Ill. App. 64.

APPELLEE'S BRIEF, GREENACRE & BRIGHAM, ATTORNEYS.

That it is the nature, and not the form of the proceeding that marks it as a civil, *quasi* criminal, or criminal case within the meaning of the constitution, see Knowles v. Village of Wayne City, 31 App. Ct. 471 (475); City v. Kenney, 35 App. Ct. 57 (64).

Civil cases are of two kinds—those purely civil and those *quasi* criminal. A *quasi* criminal case is not a criminal case nearly like a civil case; it is a civil case somewhat resembling, in its nature, a criminal case. That a *quasi* criminal case is not a criminal offense as defined by the criminal code, is made plain by the cases of Wiggins v. City, 68 Ill. 375; Tully v. Northfield, 6 Brad. 356; and Berkowitz v. Lester, 121 Ill. 99 (113, 114).

That a case may be civil in form and *quasi* criminal in nature, is established by Baldwin v. City, 68 Ill. 418; Town of Greenfield v. Mook, 12 Brad. 281.


OPINION OF THE COURT, GARY, P. J.

The appellee, by a complaint in writing, stating all the details upon which a summons, nearly as explicit, was issued, sued the appellant before a justice of the peace for a penalty incurred by the appellant, under Sec. 35 of "An act in relation to fencing and operating railroads," approved March 31, 1874, by neglecting to place a flagman at a street crossing.

The judgment of the justice recites that the appellant was found guilty in manner and form as charged in the complaint entered and filed in this cause, " Whereupon it is considered by the court that said plaintiff (appellee here) have and recover of the said defendant (appellant here) the sum of two hundred dollars as a fine," etc.

From that judgment the appellant appealed to the Circuit Court, where the appeal was dismissed on the ground that the appeal should have been taken to the Criminal Court of Cook County, under section 26, article 6, of the constitution.

The transcript and papers transmitted by the justice to the Circuit Court, show the character of the case.

" The law designed that the proceedings in the Circuit Court should be based upon the transcript. It supplies the place of a declaration in original suits at law, in courts of record, where written pleadings are had." Reid v. Driscoll 84 Ill. 96.

Here the transcript by reference incorporated the complaint, so that whether a written complaint was necessary, as in actions for forcible detainer, or not, it is in this case a part of the transcript. It is true that it makes no difference what name a justice gives to an action before him; it is, on appeal, to be what the evidence fits. But the same cause of action must be prosecuted on appeal as was sued upon before the justice, unless leave to add, by amendment, has been obtained.

The case, then, is of the character called *quasi* criminal, of which the Criminal Court has jurisdiction on appeal. Tully v. Town of Northfield, 6 Brad. 356.

Then, as section 26, article 6, of the constitution, requires that all appeals taken in Cook county, in *quasi* criminal cases, shall be taken to the Criminal Court, it follows that they can not be taken elsewhere, and the Circuit Court rightly dismissed this one. An appeal in any case, at law, is a matter of positive law; and it lies only as is provided by law. In the matter of Storey, 120 Ill. 244, cases collected at page 252.

This view does not conflict with Berkowitz v. Lester, 121 Ill. 99.

The Circuit Court may have jurisdiction of the class of cases known as *quasi* criminal, and entertain an original suit of that class, commenced there, and yet appeals in cases of that class, commenced in a justice court, may be denied altogether or directed elsewhere.

The judgment of the Circuit Court is affirmed.