## F. H. Hill Company v. Theo. Sommer.

1. EVIDENCE—*Books of Accounts—Foundation for Admission.*— The plaintiff testified: "I sold and delivered to the defendants on May 30, 1888, merchandise to be used in the undertaking business and they have never paid for same nor returned the goods. I can not say what the merchandise was nor state the amount of my bill, but I have my book here; it will show. It is the book of original entry and the entries therein were made by myself at the time I delivered these goods on May 30, 1888." *Held,* sufficient to entitle the book to admission upon common law principles, without reference to the statute.

2. APPEALS FROM JUSTICES.—*Nature of the Action.*—Where a suit is begun before a justice of the peace and taken on appeal to the Circuit Court, the action is whatever the evidence makes it.

3. STATUTE OF LIMITATION—*When it Begins to Run on a Consignment of Goods.*—Where one person delivers goods to another to be sold on his account a cause of action does not arise upon the delivery of the goods, but upon the failure to account for them, and the statute of limitations does not begin to run until then.

**Memorandum.**—Assumpsit. In the Circuit Court of Cook County, on appeal from justice's court; the Hon. EDWARD F. DUNNE, Judge, presiding. Trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed October 22, 1894.

SMITH, HELMER & MOULTON, attorneys for appellant.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is a little case tried by the court without a jury, in which it appeared by the testimony on both sides, that some years since, the appellee furnished to the appellant, to be sold on commission, some goods, of which the appellant can give no account. The appellee had often called for the goods, or payment, as he testified; but only once, as was the testimony on the part of the appellant, did he call at all. The appellee being on the witness stand, the bill of exceptions shows as follows :

" Q. What was the merchandise, and what the amount of your bill ? A. I can not say, but I have my book here. It will show.

Q. Is that the book of original entry ? A. It is.

Q. Were the entries therein made by yourself ? A. They were at the time I delivered these goods, on May 30, 1888."

The appellant excepted " to the introduction of said book in evidence because the foundation is not properly laid for its introduction."

The fair meaning of the testimony of the appellee was that he could not remember all about the goods, but that the account was truly entered by him at the time of the transaction.

The book was properly admitted upon common law principles, without reference to any statute. Hayden v. Hoxie, 27 Ill. App. 533.

The case was begun before a justice, and on appeal the action is whatever the evidence fits. Chi., R. I. & P. Ry. v. Town of Calumet, 50 Ill. App. 555.

That the appellant, being unable to give any account of

the goods when called to account for them, was liable for them, can not be questioned. The cause of action did not accrue upon the delivery of the goods, but on the failure to account, and the statute of limitations did not begin to run until then. Angell, Lim., Sec. 179.

The motion for a new trial did not raise the question whether the amount of the recovery was excessive. Moore v. Schooff, 51 Ill. App. 76.

The judgment is affirmed.