## The People, etc., v. John S. Fisher.

1. HARMLESS ERROR—*Is Not Sufficient to Reverse.*—Where no harm results to the prosecution by the court sustaining objections, it is not reversible error.

2. DOMESTIC REMEDIES — *Iodine and Quinine.* — In determining whether iodine and quinine, as sold by pharmacists, are domestic

remedies under the pharmacy law, a jury is not required to close their eyes against their own experience in the use of such drugs.

3. SAME—*Definition.*—Domestic remedies, within the meaning of the statute, are not confined to harmless concoctions of teas and herbs, which those unlearned in medical and scientific lore can prepare at home, and may include drugs requiring scientific knowledge and apparatus to prepare. A drug, although prepared by skilled chemists and scientific apparatus, may come into such common use and be so well understood in its effects, by people without medical knowledge, as to make it a domestic remedy, and the mere fact that it is an irritant poison will not take it out of the pale of " domestic remedies."

**Prosecution,** under the pharmacy law. Trial in the Circuit Court of Sangamon County: the Hon. ROBERT B. SHIRLEY, Judge, presiding. Verdict and judgment for defendant; appeal by the people. Heard in this court at the November term, 1898. Affirmed. Opinion filed June 3, 1899.

M. L. NEWELL, attorney for plaintiff in error; E. S. SMITH, JAMES A. GRAHAM and CHARLES E. SELBY, of counsel.

CONKLING & GROUT, attorneys for defendant in error.

MR. JUSTICE HARKER delivered the opinion of the court.

This was a prosecution against the defendant in error to recover by action of debt the penalty provided by law for selling drugs in violation of an act to regulate the practice of pharmacy in the State of Illinois.

The complaint on which the prosecution was instituted was filed before a justice of the peace and charges the defendant in error with selling one dime's worth of tincture of iodine and one dime's worth of quinine without being a registered pharmacist, as required by the act. A trial before the justice resulting in an acquittal of the defendant, an appeal was prosecuted to the Circuit Court, where the case was tried by a jury with like result. A reversal is urged upon the grounds that the court rejected proper evidence offered by the people, that the jury were improperly instructed, and that the verdict is contrary to the law and the evidence.

The evidence shows that Fisher has for many years owned and carried on a drug store in the city of Springfield; that

he paid for and held a certificate as a registered pharmacist up to December, 1893, since which time he has refused to renew his certificate.   While the secretary of the Board of Pharmacy, Frank Fleury, was on the witness stand he was asked by counsel for the people what conversation had occurred between him and Fisher with reference to Fisher's renewing his certificate, and what had been done by Fisher with respect to renewing.   The court sustained an objection to the inquiry upon the ground that it was immaterial.   Conceding the point made by counsel for the plaintiffs in error, that the testimony was admissible as tending to prove one of the issues involved, no harm resulted to the prosecution by the court sustaining objections to the questions, for the reason that it abundantly appears in the record that Fisher had refused to renew his certificate and, at the time of the sale, was not authorized to sell drugs as a registered pharmacist.   Indeed, there was no contention over that issue in the court below, and the frictional question submitted to the jury was whether the drugs sold were domestic remedies within the meaning of the statute.

The instruction complained of reads as follows:

" Although the jury may believe from the evidence that the defendant sold iodine and quinine, yet if they further believe from the evidence that they are domestic remedies, then the defendant is not liable for such sales."

The sale of " domestic remedies " is exempted from the statutory provisions under which Fisher was being prosecuted.   It is objected to this instruction that there is no evidence on which to base it; the only evidence in the record being that iodine is an irritant poison, and that quinine is a drug prepared by manufacturing chemists.   The same objection is made to the modification of an instruction offered by the plaintiffs in error.   It is also urged that as the Supreme Court has held inferentially in the case of Cook v. The People, 125 Ill. 278, that quinine is not a domestic remedy, it was error to submit to the jury, as the instructions did, the determination of whether that drug is a domestic remedy. The logic of that contention is that quinine, as a matter of law, is a drug that can be legally sold only by a registered

The People v. Fisher.

pharmacist and is not a domestic remedy.  All that was said by the Supreme Court in Cook v. The People, *supra*, was that the court thought that " the jury were fully warranted in finding, from the evidence, that quinine was not one of the usual domestic remedies referred to in said proviso."  We are clearly of the opinion that in prosecutions under this act the determination of whether the drug sold is a domestic remedy is a question of fact for the jury. Nor do we think the court erred in so instructing, because the only testimony heard upon this point was that of Fleury, who stated that iodine was an irritant poison, not in common use in the household, and that quinine was a drug prepared by manufacturing chemists.  Because of his testimony the jury were not required to close their eyes against their own experience in the use of such drugs.

We can not agree with counsel for the plaintiffs in error that domestic remedies, within the meaning of the statute, are confined to " harmless concoctions of teas and herbs," which those unlearned in medical and scientific lore can prepare at home, and do not include drugs requiring scientific knowledge and apparatus to prepare.  We think a drug, although prepared by skilled chemists and scientific apparatus, may come into such common use and be so well understood in its effects by people without medical knowledge as to make it a domestic remedy.

For instance, there are portions of territory lying within what is known as the Mississippi Valley where " chills and fever " are of such frequent occurrence (and recurrence) that quinine, in certain seasons of the year, is almost as common an article of household use as the ordinary necessaries of life, and the good housewife, when she doses the children from the family bottle understands its effect about as well as the licensed pharmacist.  It is a matter of common experience that iodine is frequently used in the household as an antidote for wild-ivy poison, ringworm and other skin affections.  The mere fact that it is an irritant poison would not bring it out of the pale of " domestic remedies."

We see no error in the record that would justify us in reversing the judgment.  Judgment affirmed.