## John Moeller et al. v. The People, etc.

1.   APPEALS—*In Quasi-Criminal Cases.*—Appeals in *quasi*-criminal cases in Cook county can be taken only to the Criminal Court of that county.

2.   CRIMINAL PROCEDURE—*Quasi-Criminal Cases—Justice's Transcript.*—Where the justice's transcript shows that a fine was imposed for the violation of section 2 of the act to regulate the practice of pharmacy, such transcript is sufficient to show that the action was *quasi*-criminal in its nature, although there was no complaint filed in the case.

3.   SAME—*Appeals Can Only Be Taken as Provided by Law.*—Section 26 of article 6 of the Constitution expressly provides that all appeals taken in Cook county in *quasi*-criminal cases, must be taken to the Criminal Court of that county, and that excludes all other methods.

4.   SAME—*Where a Complaint is Unnecessary.*—In prosecutions before justices of the peace for violations of section 2 of the act to regulate the practice of pharmacy, no complaint is necessary before the commencement of the action as a basis of jurisdiction.

**Prosecution under Section 2 of the Act to Regulate the Practice of Pharmacy.**—Appeal from the Circuit Court of Cook County. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed November 20, 1900.

BERNHARDT J. FRANK, attorney for plaintiffs in error; JOHN F. GEETING, of counsel.

KITT GOULD, attorney for defendant in error.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

A prosecution was begun before a justice of the peace of Cook county against the plaintiffs in error, for the violation of section 2 of an act to regulate the practice of pharmacy, and from a judgment of $20 fine imposed by the justice an appeal was taken to the Circuit Court of Cook County.

There, on motion of the people, the appeal was dismissed for want of jurisdiction.

The justice's transcript shows that the fine imposed was for the violation of said section 2, and although there was no

complaint filed in the case, that was enough to show that the suit was *quasi*-criminal in its nature.

Section 26, article 6, of the Constitution, expressly provides that all appeals taken in Cook county, in *quasi*-criminal cases, shall be taken to the Criminal Court of that county, and this express method excludes any other.   Appeals can only be taken when and as provided by law.   C., R. I. & P. Ry. Co. v. Town of Calumet, 50 Ill. App. 555.

The appeal should have been taken to the Criminal Court of Cook County, and the Circuit Court of Cook County did right in dismissing it.

It was not necessary for a complaint to be made before the prosecution was begun, or as a basis of jurisdiction. Cook v. The People, 125 Ill. 278.

We do not think the fact that the appeal was dismissed with a *procedendo* is a sufficient reason for reversing the case.

The Circuit Court being without jurisdiction to entertain the appeal, properly dismissed it, and its further order for a *procedendo* may be treated as surplusage, and, as such, disregarded.

The justice's transcript, the original having been produced to us, shows plainly enough that the defendant, Charles F. Loehr, was served with summons, and that when the case was called and heard all parties were present in court.

Former orders entered, dispose of the other points argued, as we believe, and nothing remains but to affirm the judgment.

Affirmed.