## Mothers' Remedies Co. v. The People, etc.

1. APPEALS—*In Prosecutions Under the Pharmacy Act.*—A prosecution for a violation of the pharmacy act, is quasi-criminal, and an appeal from such a prosecution in Cook county, is to be taken to the Criminal Court of such county. The nature of such prosecution is not

Mothers' Remedies Co. v. The People.

to be determined by the name the justice before whom it is had may see fit to give it.

2.   JURISDICTION—*Of Appeals in Quasi-Criminal Cases.*—The Circuit Court of Cook County has only original jurisdiction of quasi-criminal cases.

**Prosecution for a Violation of the Pharmacy Act.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1900.   Appeal dismissed.   Opinion filed January 21, 1902.

EDWIN L. HARPHAM and LOUIS P. KRAFT, attorneys for appellant.

KITT GOULD, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

This case was begun before A. R. Porter, one of the justices of the peace in and for Cook county, Illinois, and is for an alleged violation of section 2 of an act entitled " An act to regulate the practice of pharmacy in Illinois," which is as follows :

" Section 2.   That it shall be unlawful for any person not a registered pharmacist, within the meaning of this act, to open or conduct any pharmacy, dispensary, drug store, apothecary shop or store for the purpose of retailing, compounding or dispensing medicines or poisons, and any person violating any of the provisions of this act shall be liable to a penalty of not less than twenty nor more than one hundred dollars for every such violation."   *   *   * Hurd's Revised Statutes, 1895, page 1029.

A fine of $20 and costs was entered by the justice.   An appeal was taken to the Circuit Court of Cook County.

The proceeding is quasi-criminal.   C., R. I. & P. Ry. Co. v. Calumet, 50 Ill. App. 555.   What a proceeding before a justice of the peace is, is not determined by what he may call it.   Marking the papers in this case " assumpsit " did not make it an action of assumpsit.

" An appeal in any case at law is a matter of positive law and only lies as provided by law."   In the Matter of Story, 120 Ill. 244, and cases set out at page 254; C., R. I. & P.

Ry. Co. v. Town of Calumet, 50 App. 555; John Moeller et al. v. The People of the State of Illinois, 92 Ill. App. 152.

The Circuit Court has only original jurisdiction of quasi-criminal cases.

The appeal should have been taken to the Criminal Court. The appeal to this court is dismissed.

Appeal dismissed.